## JEREMIAH WINSLOW *versus* JOHN RAND.

When real estate is conveyed, all the rents and income, which have then accumulated, and which have not been so disconnected with it, as to become personal property, will pass by the conveyance.

Thus, where the defendant with others conveyed a share which they had held as trustees, in a wharf, and in one month after the conveyance, a dividend upon the share for the year previous, was declared by the wharf company, and paid to one of the trustees aforesaid ; and it did not appear that the earnings of that year, or any part of them, had before the conveyance, been in any manner disconnected with the estate, as rent in arrear, or as money collected and set apart as personal property ; the said trustee was held liable to the grantee, for the dividend thus received.

ASSUMPSIT for money had and received. The action was tried in the District Court before GOODENOW, J., when it appeared that the President, Directors & Co. of the Exchange bank, conveyed all their property to the defendant and two others, in trust for the stockholders of said bank. Among the property thus conveyed, was a share in Union wharf in Portland. On the first day of December, 1847, said store and

share were sold and conveyed by said trustees to the plaintiff. On the first of January, 1848, a dividend of $60,25, was declared upon the share aforesaid by the proprietors of said wharf, and said dividend was paid by the treasurer of said wharf company, to the defendant, as one of the trustees of the said stockholders. The dividend was of the earnings and profits of said wharf for the year 1847, and was demanded by the plaintiff before the commencement of the suit.

Upon this evidence the defendant requested the Judge to instruct the jury, that he was not personally liable to the plaintiff in this action at common law, for the whole of the dividend aforesaid ; and further, that he was not liable in this action for any portion of said dividend. But the Court declined giving such instructions, and instructed the jury that the plaintiff was entitled to recover the whole of said dividend. A verdict was returned for the plaintiff for $60,25. To the instructions and refusal to instruct, exceptions were filed and allowed.

*Adams*, for defendant.

1. If the plaintiff can recover any part of the sum sued for, it is but one-twelfth part thereof, viz. $5, or the rent and income for the month of December, 1847. *Burden* v. *Thayer & al.* 3 Met. 76.

2. If the plaintiff, in his own name, could have recovered the year's rent or dividend of the lessee, or proprietors of the wharf, it does not follow, that he can recover it of the defendant. Eleven month's rent having accrued to the bank or their said trustees, they being the legal owners of the store and share *during that period*, eleven-twelfth parts, viz. $55, are legally and equitably in the defendant for the benefit of the stockholders of the bank.

3. Admitting that the rights of the parties are equal, the defendant cannot now be disturbed ; *potior est defendentis.*

4. If the plaintiff has a right to the whole sum claimed, his claim should be made against the stockholders of the bank.

*Fox*, for plaintiff.

*First*, — The deed from the trustees of the share in the

Union wharf, passed the accruing dividends, which were subsequently declared. *Burden* v. *Thayer & al.* 3 Metc. 76; *Wm. Clun's case*, 10 Coke, 128; *State* v. *Waldo Bank*, 20 Maine, 475.

Plaintiff could alone receive the dividend of the wharf, as the share stood in his name at the time it was declared, and the dividends were composed of earnings, both before and after date of deed, and no rule to divide them.

*Second*, — Defendant, having received plaintiff's money, is liable to an action, for money had and received. Chitty on Contracts, 605; *Hall* v. *Marston*, 17 Mass. 578; *Mason* v. *Waite*, 17 Mass. 560.

If defendant was a trustee, he was for himself and others, who were the original stockholders, and he should have plead in abatement non-joinder of other stockholders.

Defendant was only an agent for himself and other stockholders, and had not paid over the money to his principal. *Hathaway* v. *Burr*, 21 Maine, 572; *Garland* v. *Salem Bank*, 9 Mass. 414.

SHEPLEY, C. J. — The bill of exceptions states, that the defendant and two other persons, as trustees of the Exchange bank, received a conveyance of "a store and share in Union wharf in Portland." "On the first day of December, 1847, said store and share were sold and conveyed by said trustees to the plaintiff. On the first of January, 1848, a dividend of $60,25 was declared upon the share aforesaid, by the proprietors of said wharf, and said dividend was paid by the treasurer of said wharf to the defendant, as trustee of the stockholders of the Exchange bank, on January 25, 1848, the defendant giving a receipt therefor as such trustee." The case does not state, whether the proprietors had been organized as a body corporate under the provisions of the statute, or whether periodical dividends were made; or in what manner the income or rents were collected or accrued. It does not appear, that the earnings of that year or any part of them, had, before the conveyance was made to the plaintiff, been in any manner discon-

nected with the estate, as rent in arrear or as money collected and set apart as personal property.

When a conveyance of an estate is made, all the rents and income, which have accumulated and which have not been so disconnected with it as to become personal property, will pass by the conveyance. By the common law, the rent of an estate under lease not then payable, is conveyed by a conveyance of the reversion. The assignee or grantee of the reversion may maintain an action of debt against the lessee, to recover such rent, founded upon the privity of estate, and not upon the privity of contract.

The same rule in substance, prevails with respect to sales of public stocks. When dividends are made at certain known periods, and a sale is made between those times, the interest or income, which has accrued since the last dividend was made, passes by a sale of the stock as a part of it. While the amount of rent which accrues from one pay-day to another, or of dividend or interest from one time to another, and which is in arrear, or which has been declared and ordered to be paid, before a conveyance, does not pass by conveyance of the estate or stock. There is in these cases no apportionment. *Thursby* v. *Plant*, 1 Saund. 241, note 6; *Birch* v. *Wright*, 1 T. R. 378; *Clun's case*, 10 Coke, 128; *State* v. *Waldo Bank*, 20 Maine, 475; *Burden* v. *Thayer*, 3 Metc. 76.

It does not appear, that the earnings of that year, or any portion of them, had been in any manner separated from the estate, by being in arrear as rent or by any dividend or by their being collected and set apart as personal property. The accruing income must therefore be considered to have been conveyed with the estate.

The defendant having received the money of the plaintiff, cannot avoid the responsibility imposed upon him by law, to account for it by showing, that he received it in his capacity or under colour of being a trustee for others, who were not entitled to it. *Exceptions overruled.*