# Sewell, *et al. v*; Hoffman, *et a l.*

### *Petition to Modify Decree.*

(Decided July 3, 1908. 47 South. 282.)

*Equity; Decree; Preventing Enforcement.*—Where a decree was rendered ordering partition of land and charging one of the co-tenants with rent, and pending its enforcement, the parties in whose favor the decree was rendered sold all their right, title and interest in and to the land and the decree to a third party and entered into a written agreement with such third party, to withdraw such suit, and such third party, before the execution of the decree sold and conveyed all his right, title and interest in and to the lands and suit to the other party co-tenant to the suit, on petition showing such facts and proof of such conveyance, the chancellor rendering the decree should annul it.

APPEAL from Elmore Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Suit by Francis C. Hoffman and another against Annie H. Sewell and others. From a decree denying defendants petition for relief from the decree rendered for complainants, defendant appeal. Reversed and remanded.

An original bill was filed praying the cancellation of a tax deed made to Annie H. Sewell and for a division of the lands described in said bill between the complainants and defedants. At chambers a decree was rendered by the chancellor in which it was held that the complainants, Francis C. Hoffman and Ada McWilliams, were the owners of three-fourths of the land described in said original bill, and that Annie H. Sewell was the owner of the other one-fourth interest. It was further decreed that Annie H. Sewell was indebted on a statement of account to the complainants in the sum of $222.43, and a decree was rendered that the lands be sold for division, and that Annie H. Sewell pay to the complainants $222.43

and three-fourths of the cost of the suit accruing to that date. While the said suit was pending the complainants, Ada McWilliams and Francis C. Hoffman, on the 26th and 27th days of October, 1903, sold and conveyed to one S. M. Peavy all their right, title, interest, and claim in and to the lands described in said original bill, and on October 27, 1903, the said Francis C. Hoffman and Ada McWilliams each signed an agreement with said S. M. Peavy to withdraw the suit pending in the chancery court of Elmore county; and it is further shown that an order was given to Tom Williams, the register in chancery, on October 27, 1903, to withdraw the suits pending against Annie H. Sewell and N. B. Sewell. The cause having been submitted and being then in the breast of the chancellor, the decree hereinabove refered to was rendered by him on th 1st day of November, 1903. Thereafter, on the 13th day of March, 1905, the register in chancery advertised the lands in question for sale under the decree. A bill was filed by Annie H. Sewell and N. B. Sewell, on the 9th day of September, 1905, against the said Francis C. Hoffman and Ada McWilliams, in the chancery court of Elmore county, to enjoin the execution of this decree and to have said cause dismissed, and setting up the fact that N. B. Sewell by deed acquired all the right, title and interest of the said S. M. Peavy to the land in question, and praying that the execution of said decree be enjoined and that said decree be annulled and set aside. At the September term, 1905, the chancellor rendered a decree sustaining this bill. From this decree an appeal was taken to the Supreme Court of Alabama. At the November term, 1906, of the said Supreme Court an opinion was rendered by Justice McClellan, concurred in by a majority of the court, to the effect that the complaints had mistaken their remedy;

that the proper remedy should have been by petition in the pending cause to which they were respondents. Following the rendition of said opinion, and on, to wit, the 29th day of September, 1906, the original defendants, Annie H. Sewell and N. B. Sewell, filed their petition in this court, setting up all the facts hereinbefore stated and praying that the said decree theretofore entered be annulled and set aside, and the suit under which said decrees were rendered be dismissed according to agreement and for such other, further, and general relief as the facts and equities of the cause might require. The cause was again submitted at the March term, 1907, of said court, on motion to dismiss the petition of respondents and to direct the execution of the decree in this cause, whereupon the chancellor rendered a decree, which is appealed from and now before the Supreme Court for consideration.

H. R. GOLSON, and JOHN V. SMITH, for appellant. In support of the petition, the following authorities are cited.—*Hoffman v. Sewell*, in MS.; *Wright v. Phillips*, 56 Ala. 69; *McGlathery v. Richardson*, 129 Ala. 657; *Larkin v. Mason*, 71 Ala. 227.

GUNTER & GUNTER, for appellee. The most that a court can do after a final decree in the way of altering it in any respect must relate merely to the mode and form of carrying out a previous order.—*Adams v. Sayre*, 76 Ala. 509.

DENSON, J.—This is an application by the respondents in a suit pending in the chancery court of Elmore county, made to that court, to restrain the execution of the final decree rendered in the cause, and for the annulment of the decree and a dismissal of the suit in ac-

cordance with an alleged agreement made by the complainants. The petitioners filed an original bill, predicated on the same facts as those contained in this application, by which they sought an injunction against the execution of the decree and a dismissal of the original suit. The chancellor overruled demurrers to the bill and a motion to dismiss for want of. equity. On appeal by the respondents to the bill, this court reversed that decree and rendered a decree dismissing the bill without prejudice. In the opinion handed down by the court it was in effect stated that the remedy of the complainants, if any existed, was by petition for a restraining order or an order to suspend proceedings in the cause. Acting presumably on this statement of the law, the complainants in the bill that was dismissed (respondents in the first bill) filed this. petition.

The chancellor, on motion by the complainants to dismiss the petition and to direct the register to proceed with the execution of the decree, stated in his opinion that the petition disclosed no facts which should prevent the execution of the decree, except, possibly, the distribution of the proceeds of the sale of the lands to the complainants. He decreed as follows: "Unless Annie H. Sewell within 20 days from the enrollment of this decree pay to the register of this court, for complainants, the said sum of $222.43, together with interest thereon from the 1st of November, 1903, together with three-fourths of the cost that has accrued in this suit on the said 1st of November, 1903, and one-fourth of all the cost that has accrued in said cause since said date, to be taxed by the register, the register be and he is hereby directed to proceed with the execution of the final decree in this cause by a sale of said lands as therein directed; and in case Annie H. Sewell pays said sum, together with the interst and cost therein provided, it is

ordered that complainants pay all the other costs of this suit, to be taxed by the register." The register is fur-. ther directed that, if the sale of the land be made, he shall hold the proceeds in his hands to await the further order of the court. The case was submitted only on the motion of the defendants to the petition to dismiss it. No proof was submitted, and this discussion will proceed upon the assumption that the facts alleged in the petition are true. Indeed, the effect of the motion upon which the cause was submitted is an admission of the facts, in the same way that a motion to dismiss a bill for want of equity would be such an admission, for the purpose of determining the merits of the motion to dismiss.

There is no contention that the complainants, Hoffman and McWilliams, were not competent to convey their respective interests in the subject-matter of the suit to Peavy; nor is there any denial of the fact that they in good faith, as a part of the consideration of their deeds, agreed to withdraw the suit then pending against the petitioners, Annie H. and N. B. Sewell, in which suit they were seeking, in part, to have Annie H. Sewell account for rents and profits alleged to have been received by her. And in this way it clearly appears that the complainants intended, by the deeds and agreements, to abandon their claim for rents and profits, and their right to make such claim a charge on the lands, and to transfer it as fully as they might to Peavy; and it would seem to be a conclusion fully warranted by the facts averred in the petition that S. M. Peavy became subrogated to all the rights which Hoffman and McWilliams had in and to the lands. Indeed, the deeds on their faces purport to convey to Peavy "all the right, title, interest, and claim in or to" the lands. While it is true that the decree, at the time the deeds were made and the agree-

[Sewell, et al. v. Hoffman, et al.]

ment to withdraw the suit was entered into, rested in the breast of the chancellor, and he had the right to render the decree in question, yet as a matter of common right and justice it does not seem that the petitioners, the grantees of Peavy, should be required to pay to complainants the sum of $222.43, the amount of the decree for rents and profits. If this money was due to the complainants at the rendition of the decree, it was in equity and good conscience due to them for the use and benefit of their grantee, Peavy.

The effect of the deeds, aside from the agreement to withdraw the suit, was to exclude Hoffman and McWilliams from any right to rents and profits—more especially to exclude them from having the lands charged with the payment of rents and profits, and condemned to sale to satisfy a decree in their favor for such rents and profits.—*Winslow v. Rand*, 29 Me. 362. The deeds and agreements were executed with knowledge, on the parts of both grantors and grantee, of the pendency of the suit, and it would seem that they were guarding against any right which might be adjudicated in favor of complainants in the cause. It cannot be doubted that, if the transaction had been made known to the chancellor before the decree was filed for enrollment, he could have molded his decree in accordance with the facts, and could have dismissed the suit in a decree taking care to provide for the payment of the costs of the suit. The deeds and agreement not having been made known to the chancellor before the decree was fild and enrolled, it became the solemn judgment of the court; and while, as has been properly held, an independent bill to enjoin the execution of the decree would not lie, yet the court, being clothed with the inherent power to control its own process, may so direct the execution of the decree as that no injustice will be done and no abuse thereof will be perpetrated.

If proof of the execution of the conveyance is made, then—complainants by them having conveyed all their rights and claims in the lands to Peavy, and Peavy having by proper conveyance passed all his rights and interests to the respondent in the suit—to enforce the decree to the extent of requiring Annie H. Sewell to pay the amount of the decree would be, in effect, to annul the solemn agreement of the complainants, and give back to them that which, for a valuable consideration, they had parted with to Peavy, and which he for a valuable consideration had conveyed to the respondents. This, it seems to us, would be not only inequitable, but an abuse of the process of the court; and, the chancery court having the undoubted power to control its own process and the proceedings of its own officers, upon the facts presented by the petition we are of the opinion that the chancellor erred in the decree rendered, and that decree will be reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.